UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: LAFAYETTE MARINE, LLC, ET AL.                CIVIL ACTION

                                                    NO. 22-2994

                                                    SECTION: D (1)

ORDER and REASONS

Before the Court is a Motion to Dissolve Injunction, Stay Limitation Action, and Allow Claimant to Proceed in State Court with Protective Stipulations, filed by limitation claimant, Jesty Billiot.[1] Lafayette Marine, LLC, as owner of the vessel M/V MS. DEE, and Gulf Logistics Operating, Inc., as operator of the vessel (collectively, "Petitioners"), filed a Response to the Motion, asserting that they do not oppose a dissolution of the limitation injunction and a stay of this proceeding with the entry of Billiot's Protective Stipulations,[2] if no other claimant files a claim before the March 14, 2023 deadline for filing claims.[3]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.**

I.      FACTUAL and PROCEDURAL BACKGROUND

On August 29, 2022, Petitioners filed a Verified Complaint for Exoneration From or Limitation of Liability in this Court, seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, for

---

[1] R. Doc. 33.
[2] R. Doc. 33-4.
[3] R. Doc. 36.

any and all loss of life, injuries, damages and/or losses arising out of the incident that occurred on February 22, 2022 in the Gulf of Mexico at or near Venice, Louisiana.[4] Petitioners assert that on February 22, 2022, the M/V MS. DEE was moored at the dock, on standby to provide marine transportation to its customer.[5] Petitioners allege that on February 22, 2022, Jesty Billiot, an employee of Gulf Logistics Operating, Inc., allegedly slipped and fell aboard the M/V MS. DEE, sustaining personal injuries and damages.[6]

Petitioners further allege that Gulf Logistics Operating, Inc. was put on written notice of a potential claim by Billiot on April 19, 2022.[7] Petitioners assert that on July 25, 2022, Gulf Logistics Operating, Inc. filed a Complaint for Declaratory Judgment in this Court, which was assigned to the undersigned, seeking a declaration and determination of its liability and/or the extent thereof, if any, to Billiot for maintenance and cure benefits in accordance with 28 U.S.C. § 2201.[8] Petitioners assert that a copy of that complaint was provided to Billiot via email on July 25, 2022.[9] Petitioners further assert that, after receiving a copy of that complaint, Billiot filed a Seaman's Petition for Damages in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana on July 26, 2022, based upon the

---

[4] R. Doc. 1 at pp. 1-2.
[5] *Id.* at p. 2.
[6] *Id.*
[7] *Id.* at p. 3. Petitioners allege that Lafayette Marine, LLC had not been put on written notice by Billiot or others of any potential claim arising out of the February 22, 2022 incident. *Id.*
[8] *See,* R. Doc. 1 in Civ. A. No. 22-2316-WBV-JVM, *Gulf Logistics Operating, Inc. v. Jesty Joseph Billiot* (E.D. La.).
[9] R. Doc. 1 at p. 4.

same alleged incident that occurred on February 22, 2022.[10] Petitioners subsequently filed their Verified Complaint in this Court on August 29, 2022.[11]

On September 15, 2022, this Court approved Petitioners' declaration of value, security, and *Ad Interim* Stipulation and issued an Order Directing Issuance of Notice and Restraining Prosecution of Claims, thereby staying Billiot's state court proceeding.[12] On November 9, 2022, at the request of Gulf Logistics Operating, Inc., this Court consolidated the two federal cases.[13]

On October 31, 2022, Billiot answered the Verified Complaint and asserted a personal injury claim sustained as a result of the February 2022 incident.[14] Billiot also filed a Motion to Dissolve Injunction, Stay Limitation Action, and Allow the Claimant to Proceed in State Court with Protective Stipulations on October 31, 2022.[15] Petitioners opposed the motion, asserting that it was premature based upon the March 14, 2023 monition date set by the Court.[16] On November 29, 2022, this Court denied the motion as premature for the same reasons asserted by Petitioners in their Opposition brief.[17]

On March 6, 2023, Billiot filed the instant Motion, seeking to dissolve the limitation injunction and stay this matter so that he can pursue his claims in state court because this action is now a "single claimant" case and he has entered into

---

[10] *Id.*
[11] R. Doc. 1.
[12] R. Doc. 14 at p. 4.
[13] R. Docs. 10 & 19.
[14] R. Doc. 15.
[15] R. Doc. 16.
[16] R. Doc. 20 at p. 2.
[17] R. Doc. 23.

stipulations that the Fifth Circuit requires for lifting limitation injunctions.[18] Although the Motion was filed before the March 14, 2023 monition date, Billiot contends that, "A review of the procedural background and basis underlying this matter strongly suggest the lack of any other potential claimants with any viable claim to be filed in the limitation action before this court."[19]  Billiot further asserts that he is the sole claimant in this action and that his stipulations are sufficient to preserve the Petitioners' rights as vessel owners under the Limitation of Liability Act.[20]  Billiot contends that his stipulations "meet the sufficiency requirements imposed by the Fifth Circuit" and asks the Court to accept the stipulations as sufficient, dissolve the injunction issued against the state court proceeding, and allow him to pursue his case in state court before a jury.[21]

Petitioners filed a Response to the Motion, asserting that they do not oppose the Motion and the entry of Billiot's Protective Stipulations, assuming no other claimant files a claim before the March 14, 2023 deadline.[22]  Petitioners point out that when the Motion was filed, it was premature, but that the March 14, 2023 deadline will have passed by the time the Motion is considered by the Court.  As such, and as long as no other claimants come forward by that date, Petitioners do not object to the dissolution of the Limitation Injunction and the stay of this matter while limited issues are resolved in state court.[23]

---

[18] R. Doc. 33-1 at pp. 2, 4-5.
[19] *Id.* at pp. 1-2.
[20] *Id.* at p. 4.
[21] *Id.*
[22] R. Doc. 36 at p. 1.
[23] *Id.* at p. 2.

## II.     LEGAL STANDARD

Under the Limitation of Liability Act, "The Owner of a vessel may bring a civil action in a district court of the United States for limitation of liability."[24] According to the Fifth Circuit, "The Limitation Act allows shipowners to limit their liability for an array of 'claims, debts, and liabilities' that might arise from the activities of their vessels to 'the value of the vessel and pending freight,' as long as the incident giving rise to liability occurred 'without the privity or knowledge of the owner.'"[25] When a vessel owner brings an action under the Limitation Act, "all claims and proceedings against the owner related to the matter in question shall cease."[26] Thus, when a limitation action is filed, "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court."[27] The Limitation Act is designed to protect shipowners in those cases where "the losses claimed exceed the value of the vessel and freight."[28]

The Fifth Circuit has made clear, however, that a shipowner's right to limitation is "cabined by the 'saving to suitors' clause."[29] The saving to suitors clause

---

[24] 46 U.S.C. § 30511(a).
[25] *In re N&W Marine Towing, LLC*, 31 F.4th 968, 970 (5th Cir. 2022) (*quoting* 46 U.S.C. § 30505(a)-(b)); *see Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1576 (5th Cir. 1992); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).
[26] 46 U.S.C. § 30511(c).
[27] *Magnolia Marine Transp. Co.*, 964 F.2d at 1575; *see* Fed. R. Civ. P. Supp. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."). As noted by the Fifth Circuit, "Because the Supreme Court determined that the Limitation Act is incapable of execution without further instructions to the courts, it promulgated procedural rules to govern limitation actions, which are now contained in Supplemental Admiralty and Maritime Claims Rule F." *In re N&W Marine Towing, LLC*, 31 F.4th at 971 n.3 (*quoting In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004)) (internal quotation marks omitted).
[28] *Magnolia Marine Transp. Co.*, 964 F.2d at 1575.
[29] *In re N&W Marine Towing, LLC*, 31 F.4th at 971 (quoting *Odeco Oil*, 74 F.3d at 674) (internal quotation marks omitted).

provides that, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[30] According to the Fifth Circuit, the saving to suitors clause carries a presumption in favor of jury trials and common law remedies.[31] Thus, while the Limitation Act gives shipowners the right to seek limitation of their liability exclusively in federal court, the saving to suitors clause "affords suitors a choice of remedies."[32]

Recognizing the tension created by the Limitation Act and the saving to suitors clause, the Fifth Circuit has instructed that, "the district court's primary concern is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve the adjudication of that right in the federal forum."[33] The Fifth Circuit has recognized two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight; and (2) when *all claimants* stipulate that the federal court had exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[34] "Thus, if the necessary stipulations are provided to protect the

---

[30] 28 U.S.C. § 1333(1).
[31] *In re N&W Marine Towing, LLC*, 31 F.4th at 971 (quoting *Magnolia Marine*, 964 F.2d at 1575) (internal quotation marks omitted).
[32] *In re N&W Marine Towing, LLC*, 31 F.4th at 971 (quoting *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004)) (internal quotation marks omitted).
[33] *Odeco Oil*, 74 F.3d at 674 (cleaned up).
[34] *In re N&W Marine Towing, LLC*, 31 F.4th at 971 (quoting *Odeco Oil*, 74 F.3d at 674) (internal quotation marks omitted); *see also In re Tetra,* 362 F.3d at 341.

rights of the shipowner under the Limitation Act, the claimants may proceed in state court."[35] The Fifth Circuit has further held that, "a single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the [Limitation] Act."[36]

### III. ANALYSIS

There is no dispute in this case that Billiot is the only claimant in this matter as of the March 14, 2023 monition date. According to Billiot's Protective Stipulations With Regard to Limitation of Liability, submitted with his Motion, Billiot has stipulated to the following:

1. This Court has continuing, exclusive jurisdiction to determine all issues related to Limitation Claimants' statutory right to limit their liability under the Limitation of Liability Act and, relatedly, the proper value of the limitation fund. However, the claimant expressly reserves his right to deny and contest in this Court *all* assertions and allegations made by Lafayette Marine, LLC and Gulf Logistics Operating, Inc. in their live limitation complaint.

2. The claimant will not seek any judgment or ruling on the issue of Limitation Claimants' right to limitation of liability in any other federal or state court.

3. In the event that limitation is granted, the claimant will not seek to enforce any judgment against Lafayette Marine, LLC and/or Gulf Logistics Operating, Inc. that exceeds the value of the limitation fund as determined by this Court.

4. The claimant waives any claims of *res judicata* or issue preclusion

---

[35] *In re Tetra*, 362 F.3d at 341 (*citing Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001)).
[36] *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006).

>  related to the issue of limitation of liability based on any judgment that may be rendered in any other federal or state court.[37]

The Court finds that these stipulations are sufficient to protect Petitioners' rights under the Limitation Act. Both the Fifth Circuit and other Sections of this Court have repeatedly, and consistently, held that stipulations similar to those provided by Billiot adequately protect a shipowner's absolute right to limit its liability in the federal forum.[38] As such, and because Petitioners do not oppose the Motion, the Court finds that the limitation injunction may be dissolved, allowing Billiot to pursue his claim that was originally filed in state court.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Jesty Billiot's Motion to Dissolve Injunction, Stay Limitation Action, and Allow the Claimant to

---

[37] R. Doc. 33-4 (emphasis in original).

[38] *See In re N&W Marine Towing, LLC*, 31 F.4th at 972 ("Because the stipulation both recognized the district co0urt's exclusive jurisdiction over the limitation proceeding and stated that Wooley would not seek to enforce a damage award greater that the value of the ship and its freight until the district court had adjudicated the limitation proceeding, it meets the requirements set forth in *Odeco Oil*.") (*citing Odeco Oil*, 74 F.3d at 674); *Inland Dredging*, 468 F.3d at 865-66 ("No party disputes that Sanchez's stipulations are adequate to protect Inland Dredging's limitation rights under the Act, and the injunction should be dissolved.") (citation omitted); *In re Tetra*, 362 F.2d at 339 & 343 ("Because the proffered stipulations were sufficient to protect the rights of the shipowner to limitation, the court's denial of Leger's right to a choice of forum under saving to suitors clause constitutes an abuse of discretion.") (citations omitted); *In re Two R Drilling Co., Inc.*, 943 F.2d 576, 577-78 (5th Cir. 1991) ("The admiralty jurisdiction of the federal court and the rights of Two 'R' are fully protected. We agree with the prior decisions of the Eastern District of Louisiana on this question.") (citing authority); *In re Belle Pass Marine Transp. LLC*, Civ. A. No. 21-275, 2022 WL 2114630, at *2 (E.D. La. May 17, 2022) (Brown, C.J.) ("These stipulations are sufficient to protect BPM's rights under the Limitation Act.") (citation omitted); *In re Weber Marine, LLC*, Civ. A. No, 18-06359, 2020 WL 5056457, at *1, 3 (E.D. La. Aug. 27, 2020) (Guidry, J.) ("In this case, Weber Marine does not dispute that Claimants' stipulations follow Fifth Circuit jurisprudence and thus adequately protects its absolute right to obtain limitation of liability in this Court.").

Proceed in State Court With Protective Stipulations[39] is **GRANTED** and the Court's injunction restraining prosecution of Billiot's claims[40] is **lifted**.

      **IT IS FURTHER ORDERED** that the above captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED**, to be reopened, if necessary, upon a motion of the parties.

      New Orleans, Louisiana, May 3, 2023.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. 33.
[40] R. Doc. 14.